IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK12-81390-TJM |
| | ) | |
| LORI ANN STEWART, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

ORDER

   Trial was held in Omaha, Nebraska, on September 26, 2013, regarding Fil. #65, Amended Chapter 13 Plan, filed by the debtor; Fil. #69, Objection to Confirmation of Plan, filed by American National Bank; and Fil. #71, Objection to Exemptions, filed by American National Bank. Richard Register appeared for the debtor and David Koukol appeared for American National Bank.

   This Chapter 13 case was filed on June 25, 2012. The initial schedules listed a minimal amount of personal property and minimal values for it.

   American National Bank ("ANB") is an unsecured creditor with a claim resulting from a loan guaranteed by the debtor for the purchase of a house by the debtor's sister.

   ANB took a Rule 2004 examination of the debtor and employed the services of an appraiser to value the actual personal property located on the debtor's premises, her home, and her vehicles. The debtor then amended her various schedules, increasing the value of the personal property and claiming much of it, including a vehicle, as exempt.

   ANB has objected to the amended plan, Fil. #65, and to the claim of exemptions. The objection to the plan consists of assertions that the valuation of the home, a storage building and the automobiles are far lower than the values placed upon the items by the ANB appraiser. In addition, ANB claims that certain assets were transferred or were attempted to be transferred shortly before bankruptcy and that the debtor's failure to properly list all of her personal property at legitimate values shows bad faith on the part of the debtor.

   The objection further states that the debtor claims that she has a dependent living with her, thereby making it a two-person household for determining both the homestead exemption and the required length of the plan.

   ANB's objection to exemptions with regard to personal property other than vehicles is that she intentionally concealed the ownership of much of the personal property and only amended her schedules to show fairly accurate values after the bank went to the trouble and expense of employing the services of the appraiser and discovered the actual items and values. Because of such intentional concealment, the bank believes no exemption should be allowed.

   Finally, with regard to the automobile exemption, the bank's position is that since the vehicle is used only for transportation to and from work, and not used in conjunction with the operation of a business, recent case law in this jurisdiction prohibits the claim of exemption.

   First National Bank Northeast has a lien on two vehicles, a 2003 Dodge Ram and a 2005 Jeep. In addition, it has a mortgage on the debtor's house. The value of the house alone exceeds the amount of the debt owed to the bank and, by stipulation entered into prior to trial, First National

Bank Northeast agrees to release its lien on the 2003 Dodge Ram if a plan is confirmed. The value of the equity in the vehicle could then be used to pay unsecured creditors.

## FACTS

The debtor is a single women who, on the date of bankruptcy, lived alone in her home in Uehling, Nebraska. Because no dependents lived with her on the petition date and there is no evidence that any dependents lived with her at any point in time in that house, she is not entitled to a homestead exemption as head of household.

The debtor purchased her home in 2008, prior to the national financial collapse, and paid $32,500.00 for it. She has made some repairs and did some remodeling, but she listed the value of the house at $32,500.00, because of what she believed the market to be. However, after the bankruptcy was filed, an appraiser determined the value to be $75,000.00 in September of 2012. In January of 2013, the appraiser filed an amended appraisal listing the value at $63,000.00. The debtor now believes her house to be worth as much as $55,000.00 as determined by her appraiser in January of 2013. The three appraisals were produced by licensed appraisers and the main difference between the $63,000.00 appraisal and the $55,000.00 appraisal is that the appraisers used different comparables. I find the appraisal provided to the debtor has somewhat more detail concerning the house and the community and value the house at $55,000.00.

The 2005 Jeep was valued by the appraisal at $15,000.00, even though the debtor valued it at approximately $8,500.00. The Jeep is secured to the bank for a note of approximately $10,000.00. I find that the appraiser used an appropriate valuation method, whereas the debtor made a "best guess." Therefore, the value is $15,000.00 with the debtor required to pay into the plan for the benefit of the unsecured creditors either $5,000.00 or, if the Jeep is sold, the equity from such sale.

The debtor has a 2003 Dodge Ram which has been damaged by several accidents. Although she had full insurance coverage which would have paid for the repairs, she did not at the particular time have sufficient funds available to pay the deductible and feared that if any claim was made, her insurance rates would skyrocket. Therefore, because the vehicle was operable, she did not have the damages fixed. It is the position of the bank that her note and security agreement with First National Bank Northeast required that she keep the vehicle in good repair. To ANB, that means she had a legal requirement to make the insurance claims and have the vehicle repaired. If the vehicle had been repaired, the value would be $12,000.00. The debtor has valued the vehicle at $7,000.00.

I find as a fact that, even though there may have been a contractual obligation from the debtor to First National Bank Northeast to keep the vehicle in such condition that its value remained above the amount of the note, ANB does not get the benefit of that agreement. An unsecured creditor such as ANB is not a third-party beneficiary of the agreement and the debtor is not obliged to keep her personal property in good repair so that if her financial circumstances are such that she has to file bankruptcy, the unsecured creditors get what they may have gotten had the repairs actually been made.

The value of the 2003 Dodge Ram is $7,000.00. If a plan gets confirmed, pursuant to the stipulation referred to above, the lien will be released and the debtor will be required to pay through the plan the value of the vehicle.

The appraiser valued two trailers, a 21' Maclander, at $2,000.00 to $2,500.00, and the 23' Wildwood Fifth Wheel for $2,000.00 to $2,500.00 in the fall of the year and $3,500.00 or more in the spring, if sold at auction. However, I find by the unrebutted testimony of the debtor that those trailers were transferred to another person for valuable consideration prior to the bankruptcy and they are not property of the debtor.

The appraiser valued the three-bay storage building at $10,000.00 and there is no contrary evidence. I find that its value is $10,000.00.

The appraiser valued the personal property items in the storage unit at $3,415.00. Although the debtor testified that she did not pay very much for any of the items, the appraiser bases his opinion on what the items would bring at auction and, therefore, I accept his opinion of value at $3,415.00.

The appraiser valued three different pistols at a total of $825.00. There is no contrary evidence and the debtor's plan proposes to sell the weapons and pay the proceeds into the plan. The value is $825.00, or the total net amount to be received upon sale.

The appraiser valued electrical appliances and furniture located in the storage unit at $2,655.00. There is no contrary evidence and that personal property is valued at $2,655.00.

Although the appraiser valued a 1993 Toyota Tercel at $600.00 and a 1994 Honda Civic at $750.00, the evidence is that those vehicles are not owned by the debtor and therefore I place no value on them.

After a review of the documentary evidence and the testimony of the debtor, I find that she did not intentionally conceal the existence of or value of any of the personal property. With regard to the personal property in the storage unit, she had no professional knowledge of what used items would sell for at an auction, particularly because she did not pay for many of the items that she had possession of. With regard to the guns, she testified that she received those as part of the settlement of her interest in the business at the end of 2011. The weapons were kept in the container and were either in the storage unit or her basement with other items and she simply forgot about them. Her failure to list them as well as the other specific personal property was negligent, but not intentional.

CONCLUSIONS OF LAW

A homestead in Nebraska can be claimed by the head of a family as defined in Neb. Rev. Stat. § 40-115. To claim such a homestead exemption, a person must have residing on the premises with her and under her care and maintenance, another person. In this case, on the petition date, there was no other person living with the debtor and, therefore, she does not qualify for a homestead exemption.

Pursuant to In re Cardwell, Case No. BK13-40623, 2013 WL 4874323 (Bankr. D. Neb. Sept. 12, 2013), the $2,400.00 automobile exemption under Neb. Rev. Stat. § 25-1556(4) is available only if the vehicle is used for a job, not for commuting to and from work. Therefore, the debtor's claim of an exemption in the Jeep is denied.

Although failure to disclose an interest in property is properly considered evidence of bad faith, See In re Tobiason, 185 B.R. 59, 63 (Bankr. D. Neb. 1995), the court can look at the totality

of the circumstances to determine whether particular actions should result in a finding of bad faith. See Handeen v. LeMaire (In re LeMaire), 898 F.2d 1346 (8th Cir. 1990); In re Hopper, 474 B.R. 872 (Bankr. E.D. Ark. 2012). Here, the debtor has satisfactorily explained the situation with regard to the personal property and I find there was no intentional concealment. Therefore, she is allowed an exemption in the various items of the personal property that she has claimed, except the weapons, which she informs the court in the amended schedules will be sold and applied to the plan.

## CONCLUSION

IT IS ORDERED that Fil. #65, the amended plan, is denied confirmation. The debtor is granted 60 days to file an amended plan which provides for treatment of the assets as outlined in this opinion. American National Bank's objection to exemptions (Fil. #71) is granted as to the homestead exemption and the tool of the trade exemption in the Jeep, and is denied in all other respects.

DATED:   October 28, 2013

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
  *Richard Register
  David Koukol
  Kathleen Laughlin
  U.S. Trustee

* Movant is responsible for giving notice of this order to other parties if required by rule or statute.